UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Agustin M.-O.,[1]    Case No. 18-cv-3020 (MJD/LIB)

Petitioner,

v.    **REPORT AND RECOMMENDATION**

Secretary of Homeland Security, et al.,

Respondents.

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Agustin M.-O.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1].

Petitioner, who at the time he filed the present Petition was in the custody of Immigration and Customs Enforcement (hereinafter "ICE"), filed a Petition for a Writ of Habeas Corpus (hereinafter the "Petition") challenging the legality of his detention by ICE pending his removal from the United States, as well as, the decision to remove him from the United States. Petitioner seeks reversal of the "Immigration Judge decision and" to be "release[d] immediately from custody." (Petition [Docket No. 1]).

Since the filing of his Petition, however, Petitioner has been removed to Mexico. (Response [Docket No. 8]; Immigration and Customs Enforcement Case Summary [Docket No. 9-5]). Because Petitioner has been removed from the United States to Mexico this matter, as well as, his

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in immigration matters such as the present matter. Accordingly, where the Court refers to Petitioner by his name only his first name and last initial are provided.

request to be released from detention pending his removal and his challenges thereto, have become moot.

Accordingly, the undersigned recommends that this matter be **dismissed without prejudice as moot**.

**I. Background**

Petitioner is a native and citizen of Mexico. (Immigration Judge Order, [Docket No. 9-1], at 1). Petitioner entered "the United States at or near an unknown place on or about an unknown date, and he was not then admitted or paroled after inspection by an Immigration Officer." (Id.).

On April 12, 2011, removal proceedings were commenced against Petitioner based on his unlawful entry into the United States. (Id.). After Petitioner conceded to the charge of illegal entry, Mexico was designated as the county of removal; however, Petitioner subsequently filed an application for cancellation of removal. (Id.).

On May 29, 2018, after a hearing at which Petitioner appeared, testified, and was represented by counsel, Petitioner's application for cancellation of removal was denied. (Id.). Petitioner appealed that denial. (See, Order [Docket No. 9-2]).

On October 26, 2018, Petitioner initiated the present action. (Petition [Docket No. 1]). In his present Petition, he challenges the length and legality of his detention pending removal, as well as, his removal itself. (See, Id.).

On November 6, 2018, the Board of Immigration Appeals denied Petitioner's appeal of his removal order. (Order [Docket No. 9-2]). Thereafter, Petitioner requested that his removal be stayed, but that request was denied by the Eighth Circuit Court of Appeals on November 26, 2018. (Order [Docket No. 9-4]). Although at the time his request for a stay was denied Petitioner's request for review at the Eighth Circuit Court of Appeals remained pending, his petition for review

at the Eighth Circuit Court of Appeals has since be dismissed for failure to prosecute. <u>M.-O. v. Barr</u>, 18-3479, Order (8th Cir. Feb. 14, 2019).

On November 28, 2018, Petitioner was removed from the United States to Mexico. (Immigration and Customs Enforcement Case Summary [Docket No. 9-5]).

**II.  Analysis**

Article III of the United States Constitution allows Federal Courts to adjudicate only actual, ongoing cases or controversies. <u>See</u>, <u>Am. United for Separation of Church and State v. Prison Fellowship Ministries</u>, 509 F.3d 406, 420–21 (8th Cir. 2007). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate" and "[w]hen an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." <u>Potter v. Norwest Mortgage, Inc.</u>, 329 F.3d 608, 611 (8th Cir. 2003) (quotations omitted).

The ongoing case-or-controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the court from granting any meaningful relief to the party who initiated the action. <u>See</u>, <u>In re Sec. Life Ins. Co. of Am.</u>, 228 F.3d 865, 869–70 (8th Cir. 2000) (citing <u>In re Grand Jury Subpoenas Duces Tecum</u>, 78 F.3d 1307, 1310 (8th Cir. 1996) ("The existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of federal courts . . . . [I]f during the pendency of an appeal, an event occurs which destroys the court's ability to render the prevailing party any effectual relief whatever, the appeal must be dismissed as moot.") (citations and quotations omitted)). If it becomes impossible for the court to provide any further redress for the claims that have been raised, the case must be dismissed as moot. <u>See</u>, <u>Lewis v. Cont'l Bank Corp.</u>, 494 U.S. 472, 477 (1990) ("To invoke the jurisdiction of

a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision.").

As set forth above, Respondents assert and provides documentation demonstrating that Petitioner has been removed from the United States to Mexico. Petitioner has not submitted any evidence or argument to dispute Respondents' assertion that he has been removed from the United States to Mexico. Therefore, Respondents contend that any challenges to the legality of Petitioner's detention are now moot.

Petitioner's removal from the United States to Mexico leaves nothing for the Court to grant as relief in the present habeas Petition. "He is no loner in the custody of the U.S. Immigration and Customs Enforcement (ICE), and as a result, the Court cannot order his release. Any such order would be ineffectual, and therefore [Petitioner's] habeas petition is moot." See, e.g., Sirlef v. Secretary, 17-cv-4126 (DSD/HB), 2018 WL 3407697, at *1 (D. Minn. June 19, 2018) (collecting cases) report and recommendation adopted, 2018 WL 3404154 (D. Minn. July 12, 2018).

Nothing about Petitioner's current situation would change with a finding that he had previously been detained unlawfully. "This is the very definition of mootness." Kargbo v. Brott, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (citing Already, LLC v. Nike, Inc., 568 U.S. 85, 90–91 (2013)). Without an active, ongoing case or controversy in the present case, this Court lacks jurisdiction over the proceedings. See, e.g., Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003).

However, a petitioner's removal alone does not always automatically render moot a petition challenging the legality of detention and removal. See, Mohamed v. Lynch, No. 15-cv-2726 (JRT/LIB), 2016 WL 563164, *3 (D. Minn. Jan. 26, 2016), report and recommendation adopted at 2016 WL 593512 (D. Minn. Feb. 12, 2016); Sayonkon v. Beniecke, No. 12-cv-27

4

(MJD/JJK), 2012 WL 1621149, *2 (D. Minn. Apr. 17, 2012), report and recommendation adopted at 2012 WL 1622545 (D. Minn. May 9, 2012). Rather, whether the petition becomes moot upon the petitioner's removal depends on whether any of the potential exceptions to the mootness doctrine may apply. Mohamed, 2016 WL 563164, at *3.

> "Under these exceptions, the Petition should not be dismissed as moot if: '(1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.'"

Id.

### A. Secondary/Collateral Injury

For the secondary/collateral injury exception to the mootness doctrine to apply, there must be "some concrete and continuing injury other than the now-ended" detention or "'collateral consequence' of the conviction" still at issue. Spencer v. Kemna, 523 U.S. 1, 7 (1998). As this Court has previously and consistently held, this exception does not apply to when said injuries are a result of the final Order of Removal. See, Ahmed v. Sessions, No. 16-cv-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017), report and recommendation adopted, 2017 WL 3268176 (D. Minn. July 31, 2017).

In the present case, any possible continued injury would flow from Petitioner's removal to Mexico—an injury which Petitioner is unable to challenge under this Court's jurisdiction and which has already been reviewed and dismissed by the Eighth Circuit Court of Appeals. Therefore, the secondary/collateral injury exception to the mootness doctrine does not apply in the case presently before the Court.

### B. Capable of Repetition without Review

With regards to the exception to the mootness doctrine for actions which are capable of repetition yet evade review, the Eighth Circuit has stated:

> This exception will "rescue an otherwise moot claim if (1) the challenged conduct is of too short a duration to be litigated fully prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." [Nat'l Right to Life Political Action Committee v. Connor, 323 F.3d 684, 691 (8th Cir. 2003)]. The question is "whether the controversy was *capable* of repetition and not . . . whether the claimant had demonstrated that a recurrence of the dispute was more probable than not." Honig v. Doe, 484 U.S. 305, 318 n.6 (1988) (emphasis in original).

Missourians for Fiscal Accountability v. Klahr, 830 F.3d 789, 795 (2016).

Although Petitioner's detention in the case presently before the Court ended before the full litigation of its legality, Petitioner cannot be subjected to the same alleged, unlawful conduct as is at issue in his current Petition for Writ of Habeas Corpus. "If the government takes [Petitioner] into custody in the future, the government will be acting on the basis of facts and legal authority that are different from the facts and legal authority on which the government relied in imposing the detention[] challenged in [Petitioner's] habeas petition[]." See, Kargbo v. Brott, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, *2 (D. Minn. July 6, 2016). Therefore, the "capable of repetition, yet evading review" exception is similarly inapplicable to the case presently before the Court. Similarly, as it related to Petitioner's challenge to his actual removal order, there is nothing further to litigate as the Eighth Circuit Court of Appeals has dismissed Petitioner's challenge to his final removal order. M.-O. v. Barr, 18-3479, Order (8th Cir. Feb. 14, 2019). And in any event, it if the Eighth Circuit Court of Appeals which maintains jurisdiction to review Petitioner's final removal order—not this Court. See, Monue F.G. v. ICE, No. 18-cv-1935 (NEB/ECW), 2019 WL 2079835, at *3 (D. Minn. Apr. 12, 2019), (citing 8 U.S.C. § 1252(a)(5)) report and recommendation adopted at 2019 WL 2075871 (D. Minn. May 10, 2019).

6

Moreover, there is no evidence in the record demonstrating a "reasonable expectation" that Petitioner is likely to again be held in the custody of ICE. He has been removed to Mexico, and therefore, the "capable of repetition, yet evading review" exception is inapplicable to the present case.

### C. Voluntary Cessation of Illegal Practice with Actor is Free to Resume

The voluntary cessation of an illegal practice which the defendant is thereafter free to resume at any time renders litigation moot only "if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction." Mohamed, 2016 WL 563164, at *4 (quoting Nat'l Adver. Co. v. City of Miami, 402 F.3d 1329, 1333 (11th Cir. 2005); Suarez-Tejeda c. United States, 85 F. App'x 711, 716 (10th Cir. 2004)). First, the Court notes that nothing in the record indicate that Respondents could again resume the alleged illegal activity. Petitioner has been removed to Mexico; he is no longer in the United States, and therefore, it does not appear that Respondents could again remove him.

Additionally, there is no evidence in the record that suggests that Petitioner was removed from the United States to Mexico to deprive this Court of jurisdiction. Rather, Respondents have been attempting to remove Petitioner to Mexico since the initiation of his detention; the only delay in that removal was Petitioner's appeal of his final removal order. Moreover, as set forth above, if the government does take Petitioner back into custody due to some future circumstance, it will be for different factual and legal reasons than those challenged in the Petition presently before the Court. Therefore, it is not possible for Respondents to resume the same allegedly illegal activity as is challenged in the present Petition, and the "voluntary cessation" exception does not apply here. See, Mohamed, 2016 WL 563164, at *4; Kargbo, 2016 WL 3676162, at *2.

7

### D. Class Action

Finally, it is clear that the final exception to the mootness doctrine—that the case is a properly certified class action suit—does not apply here because the action presently before the Court is not a class action suit. Petitioner brought this case solely on his own behalf.

## III. Conclusion

As the present Petition is now moot, the Court will not consider the merits of Petitioner's claims or render any opinion on those claims as any "[s]uch opinion would be merely advisory and is not permitted under Article III." Walton v. Holinka, No. 7-cv-2121 (MJD/FLN), 2008 WL 495523, at *1 (D. Minn. Feb. 21, 2008); Doe v. Nixon, 716 F.3d 1041, 1051 (8th Cir. 2013) ("A federal court has no authority to give opinions upon moot questions or abstract proposition, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."). Accordingly, the undersigned recommends, consistent with other cases both in this District and elsewhere, that the habeas corpus Petition, [Docket No. 1], be **denied as moot**. See, e.g., Ahmed v. Sessions, No. 16-cv-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017), report and recommendation adopted at 2017 WL 3268176 (D. Minn. July 31, 2017); Estrada-Heredia v. Holder, No. 12-cv-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012), report and recommendation adopted at 2012 WL 4839019 (D. Minn. Oct. 11, 2012) (finding a petition moot where petitioner was already repatriated to Mexico); Soliman v. United States ex rel. INS, 296 F.3d 1237, 1243 (11th Cir. 2002) (finding appeal of petition moot where petitioner was repatriated to Egypt during the pendency of the appeal). Because the undersigned recommends that the Petition be denied, the undersigned also recommends that this action be dismissed without prejudice. See, Ali v. Cangemi, 419 F.3d 722, 723–24 (8th Cir. 2005) (en banc) (remanding case involving a detainee who was released while his petition for writ of habeas corpus was pending,

which the Court of Appeals deemed moot, to the district court with instructions to dismiss the petition without prejudice).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Agustin M.-O.'s Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED as moot**; and

2. This matter be **DISMISSED without prejudice**.


Dated: June 12, 2019                               s/Leo I. Brisbois_____
                                                   Leo I. Brisbois
                                                   U.S. MAGISTRATE JUDGE


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).